**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY PAUL CASSETT,
            *Petitioner-Appellant,*

v.

TERRY L. STEWART, Director,
            *Respondent-Appellee.*

No. 03-16573

D.C. No.
CV-97-00548-WDB

OPINION

Appeal from the United States District Court
for the District of Arizona
William D. Browning, District Judge, Presiding

Submitted April 26, 2005*
San Francisco, California

Filed May 3, 2005

Before: A. Wallace Tashima, Sidney R. Thomas, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Paez

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jeffrey D. Bartolino, Tucson, Arizona, for the petitioner-appellant.

Terry Goddard, Attorney General, Phoenix, Arizona; Kent E. Cattani, Chief Counsel, Capital Litigation Section, Phoenix, Arizona; Monica B. Klapper, Assistant Attorney General, Capital Litigation Section, Phoenix, Arizona, for the respondent-appellee.

## OPINION

PAEZ, Circuit Judge:

Petitioner Gary Paul Cassett ("Cassett") appeals from the district court's dismissal with prejudice of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a previous appeal, we "remand[ed] to the district court with directions to dismiss the petition because Cassett failed to exhaust his federal due process claim in the Arizona state courts." *Cassett v. Stewart* (*Cassett I*), 49 Fed. Appx. 154, 154 (9th Cir. 2002) (unpublished disposition). On remand, the district court dismissed Cassett's habeas petition *with prejudice* because it concluded that "the Court of Appeals failed to note that Petitioner's claims have been procedurally defaulted in the state courts and are technically exhausted." Further, the district court held in the alternative that even if Cassett's claim is not exhausted, dismissal with prejudice is appropriate under 28 U.S.C. § 2254(b)(2) because the district court "has determined that the claim is without merit." Accordingly, the district court denied Cassett's petition both as procedurally defaulted and on the merits.

In this appeal, Cassett argues that the district court exceeded the scope of our mandate by reaching the issue of

procedural default and dismissing his habeas petition with prejudice. Cassett also argues that even if the district court did not violate our mandate, his claim is not procedurally defaulted because he never "knowingly, voluntarily, and intelligently" waived his right to raise it. Further, Cassett asserts that even if his claim is procedurally defaulted, he has demonstrated cause and prejudice excusing the default. Additionally, Cassett argues that the district court erred by alternatively denying his petition on the merits under 28 U.S.C. § 2254(b)(2) because it was not "perfectly clear" that he failed to raise a colorable federal claim. Finally, Cassett contends that the district court should stay the proceedings and hold his exhausted petition in abeyance while he attempts to exhaust his unexhausted federal due process claim in state court. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291, 2253, and we reverse and remand.

We hold that the district court did not exceed the scope of our mandate in ruling on procedural default, that Cassett's federal due process claim is not procedurally defaulted because it is not clear that the Arizona state courts would find this claim procedurally barred, and that the district court erred in dismissing Cassett's due process claim under 28 U.S.C. § 2254(b)(2) because it is not perfectly clear that this claim is not colorable. Finally, on remand, we direct the district court to consider Cassett's request that the court stay his habeas petition and hold his exhausted claims in abeyance while allowing Cassett to exhaust his federal due process claim in the state courts.

## FACTUAL BACKGROUND

Cassett was charged with two counts of child molestation and four counts of sexual conduct with a person under the age of 14, stemming from events that occurred in November and December of 1990 with his stepson. Although Cassett agreed to plead guilty to kidnaping, a class two felony, at the change of plea hearing the trial judge found an insufficient factual

basis for the plea, and the plea was never entered. Cassett's attorney hired John Sloss ("Sloss"), a criminal justice consultant, to prepare an alternative pre-sentence report, which revealed that Cassett had admitted to child molestation. Although the report was prepared to rebut the State's pre-sentence report, Cassett believed that what he said to Sloss was confidential. Sloss, too, thought the report was protected by the attorney-client privilege.

Cassett pled guilty to attempted molestation and attempted sexual conduct with a minor because he believed this plea would allow the court to impose a probationary sentence. Prior to his sentencing hearing, Cassett's attorney disclosed the existence of Sloss's alternative pre-sentence report to the prosecutor because he planned to use it if necessary for rebuttal. However, the report was never presented to the court. Cassett was sentenced to two consecutive twelve-year terms.

Cassett's sentence was vacated after he alleged in a petition for post-conviction relief under Ariz. R. Crim. P. 32.1 that he was not informed that his sentences would run consecutively. The case then proceeded to trial. During a pre-trial hearing, the State disclosed that it planned to call Sloss as a witness. Cassett's attorney filed a motion *in limine* to exclude Sloss's testimony, which the court denied.

Three trials were held in this case. The first ended in a mistrial after the jury learned of the plea and the prior sentencing. The second ended in a mistrial because the jury deadlocked. Sloss did not testify at either of the first two trials, but the State reserved him as a rebuttal witness during the second trial.

Prior to the third trial, the prosecutor informed Cassett's attorney that she intended to call Sloss as a witness in her case-in-chief. Cassett's attorney moved the court to preclude the State from calling Sloss as a witness. The trial court ruled that Sloss would be permitted to testify, but that his testimony

would be limited to what Cassett said to Sloss. Cassett's attorney responded that this ruling "necessarily puts me in the position of having to open the whole issue of [the] plea agreement and sentencing" and noted on the record that he therefore would "approach it from that manner as a point of necessity given the Court's rulings."

Sloss testified during direct examination that Cassett told him he had pled guilty to oral sex with his stepson. Cassett's attorney elicited further information from Sloss on cross-examination regarding the guilty plea and the circumstances surrounding it. Cassett was convicted of two counts of child molestation and four counts of sexual conduct with a person under the age of 14. The trial court sentenced him to consecutive prison terms of 20 and 30 years and four life terms.

## PROCEDURAL HISTORY

Cassett appealed his conviction to the Arizona Court of Appeals, arguing that (1) the trial court should have precluded Sloss from testifying about admissions Cassett made during the preparation of the pre-sentence report, under Ariz. R. Crim. P. 26.6(d)(2),[1] the purpose of which is to protect criminal defendants from self-incrimination, and that (2) the trial court abused its discretion when it denied Cassett's request for a one-day mid-trial continuance to locate and bring to court a defense witness.

While his appeal was pending, Cassett sought post-conviction relief in the trial court, alleging: (1) ineffective assistance of counsel based on (a) trial counsel's decision to present evidence of Cassett's prior guilty plea, (b) trial counsel's failure to interview a potential defense witness, and (c) previous trial counsel's disclosure of the existence of the pre-

---

[1]Ariz. R. Crim. P. 26.6(d)(2) provides that "[n]either a pre-sentence report nor any statement made in connection with its preparation shall be admissible as evidence in any proceeding bearing on the issue of guilt."

sentence report; and alleging (2) that the prosecutor engaged in misconduct by (a) intimidating potential defense witnesses, and (b) informing the jury of information contained in a document the court had ruled inadmissible. The trial court denied relief without an evidentiary hearing.

Cassett appealed the denial of post-conviction relief to the Arizona Court of Appeals, which consolidated his appeals and affirmed Cassett's convictions and sentences. The Court of Appeals ruled that: (1) the trial court did not err in admitting Sloss's testimony because Ariz. R. Crim. P. 26.6(d)(2) only applies to pre-sentence reports prepared pursuant to court order, not private pre-sentence reports; (2) the trial court did not abuse its discretion in denying a mid-trial continuance; (3)(a) trial counsel's decision to offer evidence about the plea negotiations was tactical and did not constitute unreasonable performance; (3)(b) Cassett was not prejudiced by his counsel's failure to interview a potential witness; and (4) Cassett was not prejudiced by any alleged prosecutorial misconduct. The Court of Appeals declined to consider Cassett's claim that his previous trial counsel rendered ineffective assistance by disclosing the existence of the pre-sentence report because it held that this claim was precluded under Ariz. R. Crim. P. 32.2(a)(3).[2] Cassett filed a petition for review with the Arizona Supreme Court, which denied review on October 31, 1996.

On September 2, 1997, pursuant to 28 U.S.C. § 2254, Cassett filed a habeas petition in the United States District Court for the District of Arizona, stating the following claims for relief: (1) the trial court violated Cassett's federal due process rights by allowing Sloss to testify that Cassett had pled guilty; (2) the trial court's denial of a mid-trial continuance to find and bring to court a defense witness violated Cassett's Sixth

---

[2]Ariz. R. Crim. P. 32.2(a)(3) provides that a defendant "shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."

Amendment right to compulsory process; (3) Cassett received ineffective assistance of counsel because (a) his trial counsel elicited evidence that Cassett had pled guilty, (b) his counsel failed to interview a potential defense witness, and (c) his previous counsel disclosed the existence of the pre-sentence report; and (4) the prosecutor violated Cassett's Fifth Amendment rights by engaging in misconduct, including (a) intimidating potential defense witnesses and (b) informing the jury of information from an excluded document.

The State conceded that Cassett exhausted his state court remedies with regard to claims 2, 3(a), 3(b), 4(a), and 4(b). However, the State argued that Cassett failed to exhaust his remedies with regard to claim 1 (the trial court violated Cassett's due process rights by allowing Sloss to testify that Cassett had pled guilty), and that Cassett was procedurally barred under Ariz. R. Crim. P. 32.2(a)(3) from presenting claim 3(c) (Cassett's previous counsel rendered ineffective assistance by disclosing the existence of the pre-sentence report).

On April 2, 2001, the district court determined that claim 1 was exhausted because Cassett had alleged a violation of his right against self-incrimination under the Fifth Amendment in his opening brief before the Arizona Court of Appeals. Further, the district court agreed that Cassett failed to present claim 3(c) to the state court earlier and therefore procedurally defaulted this claim; however, the court held that Cassett had shown cause and prejudice excusing this default and therefore proceeded to review the merits of this claim.

The district court then denied claims 2, 3(b), 3(c), 4(a), and 4(b) on the merits. With regard to claim 1, the district court concluded that it could not determine whether a constitutional violation had occurred because the transcripts provided to the court omitted critical parts of the record. For the same reason, the district court declined to rule on the merits of claim 3(a) (Cassett's counsel deprived him of effective assistance by eliciting evidence of his guilty plea), noting that while Cas-

sett's lawyer's "decision may have crossed the line of competent advocacy," the court lacked "sufficient evidence at this time to consider fully" whether Cassett was prejudiced by this decision. Thus, the court ordered that a complete trial transcript be provided.

In a July 31, 2001 Order, after reviewing the full trial transcript, the district court addressed the merits of Cassett's due process claim. The court first noted that the State argued that Cassett had failed to properly raise the claim in state court and that the claim was procedurally defaulted. Although the district court previously had determined that Cassett exhausted this claim in state court, it concluded that there was sufficient cause to excuse any procedural default. The district court then held that the trial court's decision to allow Sloss's testimony and the subsequent revelation of the guilty plea was harmless error. Accordingly, the district court denied Cassett's habeas petition.

Cassett then moved for reconsideration of the court's order denying habeas relief. The State, too, filed a motion for reconsideration, disagreeing with the court's ruling that Cassett's procedural default was excused. The district court denied Cassett's motion for reconsideration, ruling again that the admission of Sloss's testimony regarding Cassett's vacated guilty plea was harmless error. The court also denied the State's motion for reconsideration, ruling that it properly reached the merits of Cassett's due process claim despite the State's contention that the claim was procedurally defaulted because "a recent Ninth Circuit decision appears to require this Court to assume that the state court reviewed the relevant federal constitutional law when it denied a Rule 32 petition."[3] The court

---

[3]The district court cited to *Smith v. Stewart*, 241 F.3d 1191 (9th Cir. 2001), which held that federal habeas review of a claim was not barred despite an Arizona state court's ruling that the claim was precluded under Ariz. R. Crim. P. 32.2(a)(3). The *Smith* court held that because Arizona's preclusion rule requires an assessment of the "constitutional magnitude"

further noted that under 28 U.S.C. § 2254(b)(2), it may deny a habeas application on the merits notwithstanding the applicant's failure to exhaust remedies in state court.

Cassett appealed the district court's July 31, 2001 Order as well as the court's denial of his motion for reconsideration.[4] In *Cassett I*, we held that "the district court erred in concluding that Cassett adequately exhausted his federal due process claim, and based on this error, improperly reached the merits of Cassett's claim." 49 Fed. Appx. at 155. We vacated the judgment and remanded with instructions that the district court dismiss the petition for failure to exhaust state court remedies. *Id.*

On remand, the district court dismissed Cassett's petition with prejudice, holding that (1) Cassett's claim was procedurally defaulted and was therefore technically exhausted, and (2) under 28 U.S.C. § 2254(b)(2) the petition should be denied even if it is not exhausted because the court "has determined that the claim is without merit." Cassett moved for an amendment of judgment, arguing that the district court failed to follow the Ninth Circuit's mandate in ruling on procedural

---

of the claim, the state court's finding of preclusion was "necessarily intertwined" with an evaluation of the merits of petitioner's federal claim, and thus the state procedural ruling was not sufficiently independent of federal law to bar federal habeas review. *Id.* at 1197. The United States Supreme Court, after certification to the Arizona Supreme Court, *see Stewart v. Smith*, 534 U.S. 157, 159 (2001); *Stewart v. Smith*, 46 P.3d 1067, 1071 (Ariz. 2002), reversed the Ninth Circuit's ruling and held that under Arizona law, whether a claim is of sufficient constitutional magnitude to require a knowing, voluntary, and intelligent waiver does not depend on the merits of the claim but rather on the particular right alleged to have been violated. *Stewart v. Smith*, 536 U.S. 856, 859-61 (2002).

[4]The district court issued a certificate of appealability on the question "whether the admission of the testimony of the preparer of an alternative pretrial statement and the questioning of Petitioner's counsel improperly brought in Petitioner's prior guilty plea and created a due process violation."

default, that the district court erred in finding his due process claim procedurally defaulted, and that even if his claim was procedurally defaulted, Cassett demonstrated cause and prejudice excusing the default. Cassett also requested that the court stay his habeas petition and hold his exhausted claims in abeyance while allowing Cassett to exhaust his federal due process claim in state court. The district court, in a July 8, 2003 Order, denied Cassett's motion, stating that Cassett "fails to note that the Court has already determined, whether or not the claims were exhausted, that his claim is without merit as the error claimed of did not raise [sic] to the level of a denial of his Constitutional rights."

Cassett then requested a certificate of appealability, which the district court granted with respect to the following issues: (1) whether the petition for habeas relief should have been dismissed without prejudice for failure to exhaust, (2) whether Cassett was denied due process under the Fifth and Fourteenth Amendments based on the introduction at trial of a previously vacated guilty plea, and (3) assuming the application should have been dismissed without prejudice, whether the district court should have held the mixed petition in abeyance and allowed Cassett to exhaust his remedies in state court.

## STANDARD OF REVIEW

We review de novo a district court's compliance with our mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). A district court's dismissal of a habeas petition based on procedural default is reviewed de novo. *Morrison v. Mahoney*, 399 F.3d 1042, 1045 (9th Cir. 2005). Dismissals of mixed petitions are reviewed de novo. *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir. 2004).

I

Cassett first argues that the district court exceeded the scope of our mandate by dismissing his petition with preju-

dice. As noted, our memorandum disposition held that the district court erred in concluding that Cassett had exhausted his federal due process claim and therefore directed the district court to dismiss the petition for failure to exhaust. On remand, the district court concluded that Cassett's due process claim was procedurally defaulted and therefore "technically exhausted" because Cassett would be procedurally barred from raising the claim in state court.[5] Accordingly, the district court dismissed his petition with prejudice.

**[1]** "[A]lthough lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed

---

[5]The exhaustion requirement is distinct from the procedural default rule.

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.

*Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' " (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991))).

"A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732 (emphasis added). A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim. *Id.* at 750.

by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate . . . if it is not counter to the spirit of the circuit court's decision." *Kellington*, 217 F.3d at 1092-93 (alterations in original) (internal quotation marks and citations omitted). Here, the district court's decision was neither "foreclosed by" nor "counter to the spirit" of our mandate in *Cassett I* because we did not specifically address the issue of procedural default,[6] nor did we instruct the district court to dismiss Cassett's claim *without* prejudice. *See id.* at 1093 (holding that the "ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not"). Thus, the district court did not exceed the scope of our mandate by dismissing Cassett's petition with prejudice.

## II

Although the district court was within its discretion to address the issue of procedural default, we disagree with its resolution of this issue. The district court concluded that Cassett's federal due process claim is procedurally defaulted because he "may not return to State courts to present his claim."[7] Cassett argues that he is not barred from returning to state court because he did not waive his federal due process claim within the meaning of Ariz. R. Crim. P. 32.2(a)(3).

---

[6]A district court may consider *sua sponte* the separate issue of procedural default. *See Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) ("[I]n cases where a claim has not previously been brought in state court, the district court must consider whether the claim could be pursued by any *presently available* state remedy.").

[7]Cassett first asserts that he in fact previously "raised the issue of fundamental error caused by the introduction of the guilty plea at trial." However, in *Cassett I*, we held that Cassett never raised the *federal constitutional claim* that he has presented in his federal habeas petition. *See Cassett I*, 49 Fed. Appx. at 155 ("Nowhere in his Petition for Review filed with the Arizona Supreme Court does Cassett discuss Fourteenth Amendment due process or that the trial court denied him a fair trial in violation of his due process rights.").

**[2]** Under Arizona law, a claim that is "of sufficient constitutional magnitude" can only be waived "knowingly, voluntarily, and intelligently." *See* Ariz. R. Crim. P. 32.2(a)(3), cmt.**[8]** Whether a particular ground is of sufficient constitutional magnitude to require a knowing, voluntary, and intelligent waiver depends on the particular right alleged to have been violated, rather than the merits of the claim. *Stewart v. Smith*, 46 P.3d 1067, 1070-71 (Ariz. 2002); *State v. Espinosa*, 29 P.3d 278, 280 (Ariz. Ct. App. 2001) (holding that knowing, voluntary, and intelligent waiver is required for "claims involving such constitutional rights as the right to counsel, the right to a jury trial, or the right to be tried by a twelve-person jury" (internal citations omitted)).

**[3]** If the right asserted "is of sufficient constitutional magnitude to require personal waiver by the defendant and there has been no personal waiver, the claim is not precluded." *Stewart*, 46 P.3d at 1071. Determining whether a waiver is knowing, voluntary, and intelligent often involves a fact-intensive inquiry. *See, e.g.*, *Johnson v. Lewis*, 929 F.2d 460, 462 (9th Cir. 1991) (holding that Rule 32.2(a)(3) preclusion did not apply where "the undisputed evidence showed (1) that [the petitioner] instructed his court-appointed appellate counsel to raise his federal constitutional claim in his direct appeal, and (2) that his attorney believed that he had raised the issue in the briefs filed on his client's behalf"); *Espinosa*, 29 P.3d at 280 ("[P]reclusion does not apply to claims involving certain constitutional rights *unless the record shows* that the

---

**[8]**Prior to 1992, Ariz. R. Crim. P. 32.2(a)(3) required that a defendant "knowingly, voluntarily, and intelligently" waive a claim before it was deemed precluded. In 1992, the Rule was amended to delete this language, and to provide that a defendant shall be precluded from relief on "*any* ground [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding." (emphasis added). A comment to the Rule, however, makes clear that the knowing, voluntary, and intelligent waiver requirement still applies to claims of sufficient constitutional magnitude. Ariz. R. Crim. P. 32.2(a)(3), cmt.

defendant knowingly, voluntarily, and intelligently waived the right." (emphasis added)).

**[4]** Here, the district court did not address whether Cassett's claim is of sufficient constitutional magnitude to require a knowing, voluntary, and intelligent waiver, nor did it make any factual findings regarding whether Cassett waived his claim. The Arizona state courts are better suited to make these determinations, which may require both a fact-intensive inquiry, and an application of Arizona's complex case law on waiver. *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("Principles of comity and federalism counsel against substituting our judgment for that of the state courts . . . .").

**[5]** Because it is not clear that the Arizona courts would hold Cassett's federal due process claim barred under Ariz. R. Crim. P. 32.2(a)(3), we conclude that his claim is not procedurally defaulted. *See Franklin*, 290 F.3d at 1230-31 (stating that a claim is procedurally defaulted only when a state court has been presented with the federal claim but refused to address it for procedural reasons, or when it is clear that the state court would hold the claim procedurally barred). We therefore reverse the district court's procedural default ruling.

### III

The district court alternatively held that even if Cassett's federal due process claim is not exhausted, his petition should be dismissed with prejudice under 28 U.S.C. § 2254(b)(2) because the district court determined that the claim was without merit. Cassett argues that this alternative holding was in error. We agree.

**[6]** Section 2254(b)(2) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Ninth Circuit has not adopted a standard for determining when it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2). Other courts, how-

ever, have held that § 2254(b)(2) codifies the Supreme
Court's decision in *Granberry v. Greer*, 481 U.S. 129, 135
(1987), which held that a federal court may deny an unex-
hausted claim on the merits where "it is perfectly clear that
the applicant does not raise even a colorable federal claim."
*See, e.g.*, *Jones v. Morton*, 195 F.3d 153, 156 n.2 (3d Cir.
1999) ("[Section] 2254(b)(2) is properly invoked only when
it is perfectly clear that the applicant does not raise even a col-
orable federal claim. If a question exists as to whether the
petitioner has stated a colorable federal claim, the district
court may not consider the merits of the claim if the petitioner
has failed to exhaust state remedies." (internal quotation
marks and citations omitted)); *Mercadel v. Cain*, 179 F.3d
271, 276 n.4 (5th Cir. 1999) ("[W]e cannot say that 'it is per-
fectly clear that the applicant does not raise even a colorable
federal claim,' and denial of relief under § 2254(b)(2) is
therefore inappropriate." (quoting *Granberry*, 481 U.S. at
129)); *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)
(reading § 2254(b)(2) in conjunction with *Granberry* and not-
ing that under *Granberry*, "if the court of appeals is con-
vinced that the petition has no merit, a belated application of
the exhaustion rule might simply require useless litigation in
the state courts") (quoting *Granberry*, 481 U.S. at 133)).**[9]** We
now join our sister circuits in adopting the *Granberry* stan-
dard and hold that a federal court may deny an unexhausted

---

**[9]**In *Padilla v. Terhune*, 309 F.3d 614 (9th Cir. 2002), this court denied
a habeas petition on the merits under 28 U.S.C. § 2254(b)(2) in the face
of the State's argument that the petitioner's claim was not exhausted. The
*Padilla* court, however, did not adopt a standard for when it is appropriate
to deny an unexhausted claim on the merits. *See id.* at 620-21. Indeed, the
court did not even address whether § 2254(b)(2) should be read in con-
junction with *Granberry*. Under these circumstances, we do not view
*Padilla* as foreclosing our consideration of the issue presented and decided
here. *See United States v. Joyce*, 357 F.3d 921, 925 & n.3 (9th Cir. 2004)
(holding that a prior panel's decision did not bind the present panel's con-
sideration of an issue where in the prior decision "there is no indication
that the defendant or the government brought this issue to the court's
attention, nor is there any indication that the court explicitly considered or
decided it").

petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.

Adopting a standard that allows a federal court to deny relief on the merits of an unexhausted claim only when it is perfectly clear that the petitioner has no chance of obtaining relief comports with the legislative history of § 2254(b)(2). The House Report on the AEDPA explained that this provision "will help avoid the waste of state and federal resources that now result [sic] when a prisoner presenting a hopeless petition to a federal court is sent back to the state courts to exhaust state remedies." H.R. Rep. 104-23, 1995 WL 56412, at *9-10 (Feb. 8, 1995).

Moreover, the principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing. A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982) (noting that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"); *see also Mercadel*, 179 F.3d at 277 ("[T]he concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation.").

**[7]** We conclude that the district court erred in denying Cassett's petition on the merits under § 2254(b)(2). Cassett alleged that his due process rights were violated when his vacated guilty plea was revealed to the jury. Although we do not express a view on the merits of Cassett's federal due process claim, we cannot say that it is perfectly clear that he failed to present a colorable federal claim. The Supreme Court has held that a withdrawn guilty plea is inadmissible to prove guilt in federal court. *Kercheval v. United States*, 274 U.S. 220, 223-25 (1927) ("A plea of guilty differs in purpose and

effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. . . . We think the weight of reason is against the introduction in evidence of a plea of guilty withdrawn."); *see also Canizio v. New York*, 327 U.S. 82, 87 n.2 (1946) (reaffirming *Kercheval*'s holding that a withdrawn guilty plea is not admissible as evidence of guilt in federal court). Likewise, in *Standen v. Whitley*, 994 F.2d 1417, 1422 (9th Cir. 1993), we held that a state trial court's decision to allow evidence of a prior guilty plea violated the defendant's due process rights, stating that "[a] fair trial cannot be had if the jury must weigh with all the other evidence, pro and con, the one overwhelming piece of evidence: the defendant pleaded guilty." Thus, we hold that the district court erred in dismissing Cassett's petition under § 2254(b)(2).

IV

**[8]** Because Cassett's federal habeas petition was filed after the AEDPA's effective date of April 24, 1996, the one-year statute of limitations applies to Cassett's petition. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Although Cassett's petition was timely when it was originally filed, over eight years have passed since the Arizona Supreme Court denied review. *See* 28 U.S.C. § 2244(d)(1) (stating that the statute of limitations begins running from the date of the final judgment of a state court). Therefore, if the district court were to dismiss Cassett's entire habeas petition, he would be time-barred under the AEDPA's one-year statute of limitations from returning to federal court after attempting to exhaust his federal due process claim in the Arizona state courts.

**[9]** The stay-and-abeyance procedure adopted in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), avoids this procedural dilemma. In *Kelly*, we recognized "the clear appropriateness of a stay when valid claims would otherwise be forfeited." *Id.* at 1070. We therefore ordered the district court to consider staying the petition to permit the petitioner to exhaust his

unexhausted claims and then add them by amendment to his stayed federal petition. *Id.* In *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005), the Supreme Court recently held that when certain conditions are met, a district court must grant a petitioner's request for stay and abeyance. Cassett requested that the district court stay his petition and hold his exhausted claims in abeyance while he attempted to exhaust his federal due process claim in the Arizona state courts. The district court, however, did not address Cassett's request. Accordingly, on remand, the district court is instructed to consider, consistent with *Rhines*, whether to stay the proceedings, hold in abeyance Cassett's exhausted petition, and dismiss without prejudice his unexhausted federal due process claim so that he can present it to the Arizona state courts.[10]

## REVERSED AND REMANDED.

---

[10]We note one additional matter relating to the district court's dismissal of Cassett's habeas petition. When it reached the merits of Cassett's due process claim, the district court noted that all of Cassett's other claims already had been dismissed. It appears from the record, however, that one of his claims remained unresolved.

In its April 2, 2001 Order, the district court dismissed five of Cassett's seven claims on the merits. At that time, the court refrained from ruling on two of Cassett's claims: his due process claim (claim 1), and his claim that he was denied effective assistance when his lawyer elicited evidence of his guilty plea (claim 3(a)). The court noted that it could not yet reach a determination regarding harmless error for the due process claim or prejudice for the ineffective assistance claim because the trial transcript provided to the court was incomplete.

However, after reviewing the full trial transcript, the district court in its July 31, 2001 Order only addressed the due process claim. The court then dismissed Cassett's petition in its entirety without ruling on his remaining ineffective assistance claim. It is unclear whether the district court intended its July 31, 2001 Order to dispose of Cassett's ineffective assistance claim in addition to his due process claim. Thus, on remand, the district court should clarify its ruling with respect to Cassett's ineffective assistance claim.