**Jon Quinton JOHNSTON, Petitioner— Appellant,**

**v.**

**Jean HILL, Respondent—Appellee.**

No. 04–36074.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2006.*

Decided April 6, 2006.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Jennifer S. Lloyd, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

Jon Johnston, a state prisoner convicted of two counts of aggravated murder, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Johnston asserts a claim of ineffective assistance of counsel (IAC) in the negotiation of his plea and sentencing agreement, which included a waiver of his right to seek post-conviction and federal habeas corpus relief in exchange for the State's commitment not to seek the death penalty. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The State argues that Johnston's state court waiver of the right to seek federal habeas relief precludes review of his § 2254 petition. However, Johnston's federal habeas petition raises an IAC claim that challenges the validity of the waiver itself. "A plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir.2005). Because Johnston's waiver

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

is unenforceable with respect to this claim, the district court had jurisdiction over the petition pursuant to 28 U.S.C. §§ 2241 and 2254. *See id.*

Although there is some question whether Johnston properly raised an IAC claim premised on an alleged conflict of interest in state court, we need not resolve this issue because Johnston's IAC claims fail on the merits. *See* 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir.2005). As in *Washington*, Johnston does not demonstrate that "any conflict, actual or theoretical, adversely affected his attorneys' performance," or that, "had his attorneys performed differently, he would have rejected the [plea and sentencing agreement]" and insisted on going to trial. 422 F.3d at 873. Accordingly, we affirm the district court's denial of Johnston's petition for writ of habeas corpus.

**AFFIRMED.**