Sajad SHAKOOR, Petitioner—
Appellant,

v.

Gail LEWIS; Attorney General for the State of California, Respondents—
Appellees.

No. 06–15083.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sajad Shakoor, Coalinga, CA, pro se.

Mathew Chan, Esq., Mary J. Graves, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Sajad Shakoor, a California state prisoner, appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as meritless. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review de novo a district court's ruling on the merits of a habeas corpus petition, *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

First, Shakoor contends that there was insufficient evidence to support his conviction for assault by force likely to produce great bodily injury. After reviewing the record, we conclude that the state court's resolution of this claim was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Second, Shakoor contends that his due process rights were violated when the jury received an erroneous instruction defining assault. The California Court of Appeal determined that any instructional error was harmless beyond a reasonable doubt. We conclude that the state court's application of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), was not unreasonable, and agree that Shakoor suffered no prejudice. *See* 28 U.S.C. § 2254(d)(1); *see also Inthavong v. Lamarque*, 420 F.3d 1055, 1059 (9th Cir.2005) (holding that, in order to grant relief where a state court has determined that a constitutional error was harmless, a federal court must find (1) that the state court's decision was an unreasonable application of Supreme Court harmless error precedent, and (2) the error resulted in prejudice as set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 636, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

Third, Shakoor contends that California's natural and probable consequences doctrine creates an unconstitutional presumption and allows conviction based on a mere negligence standard. We deny relief because the California Court of Appeal held that the trial court's instruction on the natural and probable consequences doctrine was a correct statement of state law, and Shakoor has not demonstrated that the use of that instruction on the facts of his case resulted in a constitutional violation. *See* 28 U.S.C. § 2254(d)(1); *Estelle v. McGuire*, 502 U.S. 62, 75, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (denying relief where a challenged jury instruction did not "so infus[e] the trial with unfairness as to deny due process of law"); *Spivey v. Rocha*, 194 F.3d 971, 976–77 (9th Cir.1999).

Fourth, Shakoor contends that his sentence of 25–years–to–life violates federal constitutional bans against cruel and unusual punishment. We deny relief because the state courts' affirmance of his sentence was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 72–77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Finally, Shakoor contends that he received ineffective assistance of counsel at his sentencing hearing because his attorney failed to assure that the probation report was fully accurate.[1] This contention lacks merit because the record reflects that Shakoor's counsel orally addressed all of the alleged errors at sentencing. More importantly, Shakoor failed to demonstrate that the trial court relied on the probation report or would have sentenced him differently had the proposed changes been made. *See Strickland v. Washington*, 466 U.S. 668, 700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that defendant has burden to prove both deficient performance and sufficient prejudice).

**AFFIRMED.**

---

1. Although it is not clear that Shakoor properly exhausted his ineffective assistance of counsel claims, this court may deny an unexhausted claim on the merits when, as here, "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).