**Billy Ray PIMPTON, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden, Respondent–Appellee.**

No. 05–55674.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Jan. 8, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Billy Ray Pimpton, Vacaville, CA, pro se.

Sylvia Baiz, Esq., San Diego, CA, Lawrence M. Daniels, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, HAWKINS, and IKUTA, Circuit Judges.

MEMORANDUM **

California state prisoner Billy Ray Pimpton ("Pimpton") appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. Pimpton challenges his Three Strikes sentence of 25–years–to–life imprisonment for felony petty theft, arguing that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253 and vacate and remand because of intervening authority.

The district court, relying on 28 U.S.C. § 2254(b)(2), denied Pimpton's Eighth Amendment claim on the merits without first determining whether Pimpton had properly exhausted the claim in state court. However, subsequent to the order denying relief, this court, in *Cassett v. Stewart*, held that § 2254(b)(2) permits denial of a federal habeas petition on the merits, notwithstanding the applicant's failure to exhaust, only where "it is perfectly clear that the applicant does not raise even a colorable federal claim." 406 F.3d 614, 623–24 (9th Cir.2005), *cert. denied sub nom. Schriro v. Cassett*, —— U.S. ——, 126 S.Ct. 1336, 164 L.Ed.2d 52 (2006).

Although we do not express a view on the ultimate merits of Pimpton's Eighth Amendment claim, we cannot say that it is perfectly clear that it fails to present a colorable federal claim. Accordingly, we vacate the district court's order denying relief on Pimpton's Eighth Amendment claim and remand for further proceedings to determine whether the claim was properly exhausted.

To the extent Pimpton also raises uncertified issues, we construe his arguments as a motion to expand the Certificate of Appealability, and we deny the motion. · *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**VACATED AND REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.