Thomas A. DARBY, Petitioner—
Appellant,

v.

Ana RAMIREZ–PALMER,
Respondent—Appellee.

No. 07–15959.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 22, 2009.

Thomas A. Darby, Forestville, CA, pro se.

Christina Saal, AGCA–Office of the California Attorney General, San Francisco, CA for Respondent–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Thomas A. Darby appeals pro se from the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Darby contends that the admission of the child victim's out-of-court audiotaped and videotaped statements at trial without the opportunity for cross-examination deprived him of his right to confrontation under the Sixth and Fourteenth Amendments. Because the Supreme Court has held that *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2004), has no retroactive application to cases on collateral review, we apply the law as it stood prior to *Crawford. See Whorton v. Bockting,* 549 U.S. 406, 421, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007); *Bockting v. Bayer,* 505 F.3d 973, 978 (9th Cir.2007). We conclude that the state court's decision rejecting Darby's Confrontation Clause claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that it was not based upon an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Idaho v. Wright,* 497 U.S. 805, 815, 821–22, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

To the extent that Darby alleges a Confrontation Clause violation arising from the admission of the victim's out-of-court statements through the in-court testimony of her grandmother, this contention lacks merit. *See* 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart,* 406 F.3d 614, 623 (9th Cir.2005); *Wright,* 497 U.S. at 816–17, 110 S.Ct. 3139.

We construe the uncertified issues briefed by Darby as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).

The Clerk is directed to provide Darby with a copy of the Ninth Circuit docket report from this case.

**AFFIRMED.**