# FILED

AUG 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SCOTT DETRICH, | No. 08-99001 |
| Petitioner - Appellant, | D.C. No. 4:03-cv-00229-DCB |
| v. | |
| CHARLES L. RYAN,[*] OF ARIZONA DEPARTMENT OF CORRECTIONS, | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted January 27, 2010
Pasadena, California

Before: PREGERSON, McKEOWN, and PAEZ, Circuit Judges.

David Detrich—sentenced to death by an Arizona judge after a jury

convicted him of murder, kidnapping, and sexual abuse—petitioned for habeas

---

[*]     Charles L. Ryan is substituted for his predecessor Dora B. Schriro as Director of the Arizona Department of Corrections. Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

relief in federal district court. In a separate opinion filed today, we reversed the district court's denial of habeas relief on Detrich's claim of ineffective assistance of counsel during the penalty phase, and remanded for the district court to issue a conditional writ of habeas corpus. *Detrich v. Schriro*, No. 08-99001. In his petition, Detrich also alleged violations of his constitutional rights to a fair trial, an impartial jury, and due process during the guilt phase of his trial, when the trial court (1) excused jurors based on their opposition to the death penalty, and (2) refused to allow voir dire on jurors' racial biases. Applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, the district court denied relief on the merits, and declined to issue a certificate of appealability on these issues. Detrich presented the uncertified issues in his opening brief, pursuant to Circuit Rule 22-1(e). We granted a certificate of appealability on all of the uncertified issues and received supplemental briefing from the parties. We affirm.

Under the AEDPA, a federal court may grant a state prisoner's habeas petition with respect to a claim that was "adjudicated on the merits in State court proceedings" only if the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the

2

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). We agree with the district court's determination that, under the AEDPA, neither of Detrich's guilt phase claims is meritorious.

First, Detrich alleged that contrary to *Witherspoon v. Illinois*, 391 U.S. 510 (1968), *Adams v. Texas*, 448 U.S. 38 (1980), and *Wainwright v. Witt*, 469 U.S. 412 (1985), three jurors were incorrectly dismissed for their views on the death penalty. *State v. Detrich*, 932 P.2d 1328, 1336 (Ariz. 1997). Although Detrich generally objected to death qualification prior to the commencement of voir dire, the Arizona Supreme Court found that Detrich had waived the issue, absent fundamental error, because he failed to object to each juror's dismissal for cause during the voir dire process. *Id.* The Arizona Supreme Court applied the standard explained in *Wainwright*, and found no fundamental error because each of the three excused jurors "expressly confirmed that their views on the death penalty would interfere with their deliberations in the guilt phase of this case." *Id.*

We agree with the district court's determination that the claim was properly exhausted and that the Arizona Supreme Court cited and applied the correct standard from *Wainwright*. Detrich's argument was squarely rejected by the Supreme Court in *Lockhart v. McCree*, 476 U.S. 162, 183 (1986) (holding that

3

*Witherspoon* and *Adams* are limited to capital sentencing and do not apply to the "jury's more traditional role of finding the facts and determining the guilt or innocence of a criminal defendant"); *see also Evans v. Lewis*, 855 F.2d 631, 635 (9th Cir. 1988) (construing *McCree* as holding that *Witherspoon* and *Adams* apply only in the sentencing context, rather than at the guilt phase). Therefore, we agree that the state court's decision was not "contrary to" nor an "unreasonable application of" clearly established Supreme Court law.

Second, Detrich alleges that contrary to *Turner v. Murray*, 476 U.S. 28 (1986) and *Rosales-Lopez v. United States*, 451 U.S. 182 (1981), the trial court erred by refusing to question jurors on racial prejudice during voir dire. *Detrich*, 932 P.2d at 1335. On the basis of the motions and the jury voir dire transcript, the Arizona Supreme Court found that Detrich waived this issue, and it did not conduct a fundamental error review on the merits of the claim. *Id.* Although the parties disagree about whether this issue was properly exhausted, we agree with the district court that this claim may be dismissed on the merits. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). Under *Ristaino v. Ross*, 424 U.S. 589, 597 (1976), when issues of race are "inextricably bound up with the conduct

4

of the trial" or the defense presented is "likely to intensify the prejudice that individual members of the jury might harbor," the trial court must allow voir dire into racial bias if it is requested by the defendant. *Id.*

Here, Detrich's passing mention of race in his proposed jury questionnaire and citation to *Turner* and *Rosales-Lopez* in his motion for individualized sequestered voir dire and for the jury to fill out a written questionnaire, were simply insufficient to alert the trial judge of the importance of asking questions related to racial prejudice as part of the jury voir dire. The memorandum supporting Detrich's motion made no mention of the importance of race to Detrich's defense. And, as the district court pointed out, when the trial judge asked if there were any other issues prior to passing the panel for cause, Detrich never explained the importance of racial issues to the defense, asked the judge to question the jury on racial bias, or placed his objections to the lack of racial bias voir dire on the record. Therefore, because it is perfectly clear that Detrich's claim does not raise even a colorable federal claim, we affirm the district court's conclusion that Detrich failed to establish that the state court's rejection of this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court." 28 U.S.C. § 2254(d).

5

AFFIRMED.