**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY D. FISHER, | No. 07-36096 |
| Petitioner - Appellant, | D.C. No. CV-05-00829-PA |
| v. | MEMORANDUM* |
| OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION and BRIAN BELLEQUE | |
| Respondent - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 6, 2010
Portland, Oregon

Before: PAEZ and CLIFTON, Circuit Judges, and BURNS, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

Randy Fisher maintains that the Oregon Board of Parole violated his due process rights when it refused to grant him early parole eligibility. The district court denied habeas relief, and we affirm.

In 2001, Fisher requested a hearing with the Board to determine his eligibility for parole. *See* Or. Rev. Stat. § 163.105(2). The mandatory language of § 163.105 provides Fisher with a constitutionally protected liberty interest in eligibility for parole, of which he cannot be deprived without due process. *Miller v. Oregon Bd. of Parole*, No. 07-36086 (9th Cir. January __, 2011) (filed concurrently with this disposition). State law determines the quantum of evidence required for the Board's decision to comport with due process requirements. *Hayward v. Marshall*, 603 F.3d 546, 561–62 (9th Cir. 2010) (en banc). Oregon law provides that the Board's decision to deny Fisher the sentence conversion must have been supported by "substantial evidence," meaning a reasonable person could have reached the same decision. Or. Rev. Stat. § 183.482(8)(c). *See Miller*.

Fisher's exchange with the Board during his hearing demonstrated that he had gained little insight into why he raped and murdered someone he hardly knew. When asked for "any evidence . . . which supports that there is a reasonable probability that you will remain in the community without violating the law," Fisher replied, "I don't want to come back here . . . It's not a very fun place . . . I

2

do not believe I will recommit any crimes." Fisher also said he didn't believe he had any mental or emotional disturbances, but that he had done some reading and learned "You can always walk away. Violence isn't the answer." Understandably, these superficial statements did not inspire the Board's confidence that Fisher was capable of rehabilitation.

A reasonable person, considering the record and testimony before the Board, could have found that Fisher was not likely to be rehabilitated within a reasonable period of time. *See* Or. Rev. Stat. § 163.105(3). The district court properly denied his habeas petition. We decline to address whether his claims were procedurally defaulted. 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

**AFFIRMED**.