**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR GRADY GARNER, | No. 09-17862 |
| Petitioner - Appellant, | DC No. 4:99-cv-02863-CW |
| v. | |
| B.A. MAYLE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted July 20, 2011
San Francisco, California

Before: HUG and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[**]

Petitioner Arthur Grady Garner ("Garner") appeals from the district court's

judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We

have jurisdiction under 28 U.S.C. § 2253. Because the parties are familiar with the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We affirm.

Garner alleges that the district court abused its discretion in declining to hold an evidentiary hearing on Garner's ineffective assistance of counsel claim. He argues that he received ineffective assistance of counsel because his trial counsel purportedly failed to investigate facts which would have impeached the testimony of the informant, Arthur Ray. We disagree. As an initial matter, because trial counsel is now deceased, Garner has offered no direct evidence concerning the scope or quality of trial counsel's investigation. Garner's argument, therefore, is premised entirely on current counsel's discovery of "new evidence" that was not presented to the jury. As the district court found, however, this evidence is either speculative or cumulative of the evidence that was admitted at trial. A fitting example is the March 26, 1992 affidavit signed by Michael Anthony, an inmate housed at the same facility as Garner. In that affidavit, Anthony avers that he notified Garner that Ray was a well-known jail house informant. This evidence, however, is cumulative of Garner's testimony that he knew Ray was an informant and Ray's own testimony that he was a professional police informant paid $50 for each court appearance. Accordingly, even accepting all of Garner's allegations as true, they would not show that his trial counsel's investigation was unreasonable or

that his performance fell below an objectively reasonable standard.  See Strickland

v. Washington, 466 U.S. 668, 695 (1984).

Moreover, to make out a claim for ineffective assistance of counsel, Garner

must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  Id.

at 698.  In this case, the evidence against Garner included, among other things, the

victim's identification of Garner as the shooter.  Also, as indicated above, Ray's

testimony was already thoroughly impeached.  Accordingly, none of Garner's

allegations, if proven, would entitle him to relief, and the district court therefore

did not abuse its discretion in denying Garner's claim without an evidentiary

hearing.  See, e.g., West v. Ryan, 608 F.3d 477, 485 (9th Cir. 2010); ("To obtain an

evidentiary hearing in district court, a habeas petitioner must . . . allege a colorable

claim for relief."); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (holding

that "a federal court may deny an unexhausted habeas petition on the merits . . .

when it is perfectly clear that the applicant does not raise even a colorable federal

claim").

We have considered the appellants' additional arguments and find them to

be without merit.  In particular, Garner's uncertified claim is ummeritorious and

we decline to address it.  See 9th Cir. R. 22-1(e).

3

**AFFIRMED**.