**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON AGUIRRE, | No. 15-56019 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00697-JGB-SP |
| v. | |
| DAVE DAVEY, Warden, Pelican Bay State Prison, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 14, 2017[**]
Pasadena, California

Before:  D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Aaron Aguirre ("Aguirre") appeals the district court's judgment denying his

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We have

jurisdiction under 28 U.S.C. § 2253, and we **AFFIRM**.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

With respect to the only certified issue on appeal – whether the trial court's denial of Aguirre's motion for a new trial violated his due process rights – we note it does not appear this claim was fairly presented to the California Court of Appeal or the California Supreme Court and may therefore implicate exhaustion concerns. *See* 28 U.S.C. § 2254(b)(1)(A). However, under 28 U.S.C. § 2254(b)(2), we may deny an unexhausted claim on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Aguirre has failed to demonstrate that the trial court's denial of his motion for a new trial violated his due process rights or otherwise prevented him from presenting a complete defense.

The district court did not certify Aguirre's remaining claims and we therefore construe them as a motion to broaden the certificate of appealability. *See* 9th Cir. R. 22-1(e). We deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999) (per curium) (explaining that broadening a certificate of appealability requires a "substantial showing of the denial of a constitutional right") (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**