**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL AARON WITKIN, | No.    16-17171 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01709-GEB-KJN |
| v. | |
| ERIC ARNOLD, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted October 17, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, and KLEINFELD and GRABER, Circuit Judges.

Petitioner Michael Aaron Witkin is a state prisoner who appeals the denial

of his petition for a writ of habeas corpus.  We AFFIRM.

A senior hearing officer at the facility where Witkin is incarcerated found

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Witkin guilty of violating title 15, section 3005(a) of the California Code of Regulations, based on "disruptive behavior" in the prison library. At his disciplinary hearing, Witkin requested to present three witnesses: the librarian and two inmates, Avila and Cooper. The hearing officer granted the request to have the librarian present because she was the "reporting employee." The librarian testified that Witkin was disruptive in that "[h]e stood up and started asking questions in a raised voice causing a disturbance and disrupting others. He was loud and argumentative." The officer denied the request to have the two inmates testify, because they had "[n]o relevant testimony." The hearing officer explained in his decision that Witkin "mentioned he had other inmate witnesses to this case; however, he did not have any information on these witnesses. As such, these potential witnesses were denied." The disciplinary decision resulted in, among other punishments, revocation of 30 days of Witkin's "good time credits."

Subsequently, Witkin obtained affidavits with more information about the librarian and the incident. Three inmate witnesses said that they were in the library at the time of the incident and that Witkin was not disruptive. These later-prepared affidavits, however, were not presented at the disciplinary hearing.

Witkin petitioned for a writ of habeas corpus in the state courts. The Superior Court of California denied his petition on the grounds that testimony from his witnesses was not improperly excluded and there was "some evidence" to sustain the disciplinary decision. The California Court of Appeal and the Supreme Court of California issued summary denials.

Witkin then filed a petition for writ of habeas corpus in federal district court. The district court denied Witkin's petition on the merits. Witkin appealed, claiming that (1) he was denied his due process right to call witnesses, and (2) there was insufficient evidence to support the prison disciplinary decision.

**1.** Although the question of whether Witkin exhausted his due process right to call witnesses claim is debatable, we deny his claim on the merits. His state court claim was unclear about whether he was asserting a claim based on his due process right to call witnesses, or whether he was asserting a claim that the hearing officer lied when he said Witkin had no information about his witnesses.

Whether or not his claim is exhausted, however, it fails on the merits. A habeas petition "may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(2); Jones v. Davis, 806 F.3d 538, 545-46 (9th Cir. 2015); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Witkin did not demonstrate a due process violation because he did not show that he gave the hearing officer any information about his witnesses' relevancy. The hearing officer had to determine whether to allow Witkin's witnesses based on the information Witkin gave him, not what Witkin might have known but not told the officer. There is no denial of due process in denying a party leave to call witnesses if the party provides no basis in the record demonstrating the witnesses have relevant testimony. See Hernandez v. Holland, 750 F.3d 843, 860-61 (9th Cir. 2014); Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

**2.** Witkin also claims that there was insufficient evidence to support the hearing officer's ruling. However, the standard of proof required of the prison was "some evidence," a low standard. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); Zimmerlee, 831 F.2d at 186. The librarian's testimony amounted to "some evidence." The evidence, if believed, sufficed to show that Witkin disrupted library operations and engaged in behavior that might have led to disorder in the library. Though Witkin argues that his disruption of the

4

library was not a "serious" rules violation, he cites no authority that shows that disruption of the entire prison was necessary to support his conviction, nor that the state court's determination was an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Though In re Gomez held that refusal of nine meals as part of a larger hunger strike was insufficient to find a violation of section 3005(a) of the California Code of Regulations, the case does not speak to whether causing a disturbance to a part of a facility, in this case the library, by being "loud and argumentative" and "in a raised voice causing a disturbance and disrupting other" inmates suffices. See In re Gomez, 201 Cal. Rptr. 3d 124 (Ct. App. 2016). In re Gomez also does not show that the state court's determination in Witkin's case was an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

**AFFIRMED**.