**Michael William COOK, Petitioner—Appellant,**

v.

**State of CALIFORNIA; et al., Respondents—Appellees.**

**No. 04–16041.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wilson's February 6, 2006, motion for argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael William Cook, High Desert State Prison, Susanville, CA, for Petitioner–Appellant.

David A. Lowe, Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Michael William Cook, a California state prisoner, appeals *pro se* from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his conviction by jury trial for lewd and lascivious acts upon a child. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

 Cook contends that the district court erred in denying his various claims for habeas relief. Several of these claims, however, were waived on appeal because Cook improperly attempted to incorporate them by reference in his opening brief by generally referring to his traverse to the district court. *See* Fed. R.App. P. 28(b). We address Cook's remaining contentions in turn.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cook first contends that his trial counsel rendered ineffective assistance by failing to properly impeach Cook's step-daughter with prior inconsistent statements concerning an act of alleged molestation. In particular, Cook points to statements by his step-daughter that he contends contradict her testimony alleging that he penetrated her with his penis during an incident in the swimming pool.

■ Although the Government contends that this claim was not properly exhausted, we reject this contention. *See Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir.2003) (holding that a petitioner may exhaust a federal constitutional right by referring to a state constitutional right if the rights are coextensive); *see also People v. Ledesma*, 43 Cal.3d 171, 215, 233 Cal.Rptr. 404, 729 P.2d 839 (1987) (concluding that the *Strickland v. Washington*, 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) standard applies to claims arising under both the California and federal constitutions).

■ We hold that the district court properly found that the California courts did not unreasonably apply clearly established federal law in rejecting this contention. The record demonstrates that Cook's step-daughter otherwise testified credibly about multiple acts of alleged molestation by Cook. In addition, Cook's own self-incriminating statements to the police substantially bolstered his step-daughter's credibility. Moreover, Cook's counsel effectively impeached the step-daughter's credibility concerning the incident with other questioning. *See Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir.1996) (holding that there is no prejudice from an attorney's alleged errors unless there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.) Thus, we

affirm the district court's ruling denying Cook's contention.

Cook also contends that his trial attorney committed ineffective assistance by not cross-examining Cook's step-daughter about her motivation for not disclosing the alleged abuse earlier. We hold, however, that the district court also correctly rejected this contention.

■ Cook further contends that the trial court violated his due process rights by admitting testimony from his niece concerning a previous uncharged sexual offense. We review this contention de novo as the California courts summarily rejected this contention without a reasoned decision. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167–68 n. 4 (9th Cir.2002).

We hold that the district court properly found that Cook's due process rights were not violated by the trial court's admission of this testimony under California Evidence Code § 1108. *See Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that state evidentiary rulings are not cognizable in federal habeas corpus proceedings unless the admission of evidence violated the petitioner's rights under the Constitution, laws, or treaties of the United States.)

■ We further hold that, to the extent that any of Cook's remaining contentions were unexhausted, the district court did not err in denying them on the merits because it is perfectly clear that these claims were not colorable. *See* 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.2005) (holding that "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim").

To the extent that Cook's brief raises additional uncertified issues, we construe his arguments as a motion to expand the

certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

Finally, we deny Cook's motion to augment the record on appeal with documents not considered by the district court. *See* Fed. R.App. P. 10(a); *see also United States v. Sanchez–Lopez*, 879 F.2d 541, 548 (9th Cir.1989).

**AFFIRMED.**