MEMORANDUM **
California state prisoner Richard Eugene Champion appeals pro se from the district court’s judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court’s decision to deny a § 2254 petition, see Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.
• We reject as foreclosed the State’s contention that there is no federally protected liberty interest in parole release in California. See id. at 1127-28.
Champion contends that the 2001 decision of the California Board of Prison Terms (the “Board”) finding him unsuitable for parole violated his due process rights. Although Champion failed to exhaust this claim in state court, we may deny an unexhausted claim on the merits “when it is perfectly clear that the applicant does not raise even a colorable federal claim.” Cassett v. Stetuart, 406 F.3d 614, 624 (9th Cir.2005). We conclude that Champion has not raised a colorable due process claim because “some evidence” supports the Board’s decision, including an unfavorable psychiatric report and Champion’s lack of verified parole plans. See Sass, 461 F.3d at 1129.
We also conclude that the California Superior Court’s rejection of Champion’s ex post facto challenge was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as established by the Supreme Court. See 28 U.S.C. § 2254(d)(1); see also Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504-05, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (explaining that the ex post facto clause prohibits increasing punishment beyond *606 that in effect at the time a crime is committed).
Next, we conclude that Champion’s contention that the Board violated his due process rights by decreasing the frequency of his parole suitability hearings is waived. See Belgarde v. State of Montana, 123 F.3d 1210, 1216 (9th Cir.1997).
Finally, we construe Champion’s “Motion of Supplemental” as a motion to supplement the record. So construed, the motion is denied. See Fed. R.App. P. 10(a).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.