**UNITED STATES of America, Plaintiff–Appellant,**

**Erica M. Kim; Young Ai Kim; Alexandria Investment, LLC First Stephora Avenue, Inc., Claimants–Appellees,**

Se Young Kim; Christopher Kim, a/k/a Kyung Joon Kim, KJ Kim and Chris Kim; Bora Lee, Claimants–Appellees,

and

DAS Corporation; Optional Capital, Inc., Claimants,

v.

REAL PROPERTY LOCATED AT 475 MARTIN LANE, BEVERLY HILLS CALIFORNIA, Defendant.

United States of America, Plaintiff,

and

Christopher Kim, a/k/a Kyung Joon Kim, KJ Kim and Chris Kim Bora Lee; Se Young Kim; Young Ai Kim; Erica M. Kim; First Stephora Avenue, Inc.; Alexandria Investment, LLC, Claimants–Appellees,

DAS Corporation, f/k/a Daebu Machinery Co. Ltd., Claimant–Appellant,

v.

Real Property Located at 475 Martin Lane, Beverly Hills California, Real Property located at, a/k/a Seal A; 924 North Beverly Drive, Beverly Hills, California, Real Property located at, a/k/a/ Seal A; All Funds in Credit Suisse Private Banking Account No. 0251–844548–6 In The Name of Alexandria Investment, LLC; All Funds in Credit Suisse Private Banking Account No. 0251–922787–3 In The Name of Erica Mihae Kim; $956,525.06 In Funds Seized, from United Commercial Bank Account No. 63600084, in the name of First Stephora Avenue, Inc.; $157,329.05 In Funds Seized, from United Commercial Bank Account No. 63599914, in the name of Alexandria Investment, LLC; $174,315.16 In Funds Seized from Wilshire State Bank Account No. 3219380, in the name of Se Young Kim; 2004 Mercedes Benz CL500, one; 2002 Mer-

cedes Benz S500, one; 1990 Ferrari 550 Maranello, one; 2003 Landrover Range Rover, one; 2002 Porsche Boxster, One; 2002 Toyota Tacoma Pickup Truck, one; 1999 Porsche Carerra, one Various Miscellaneous Furniture and Household Items, Defendants.

United States of America, Plaintiff–Appellee,

Christopher Kim, a/k/a Kyung Joon Kim, KJ Kim and Chris Kim Bora Lee; Se Young Kim; Young Ai Kim; Erica M. Kim; First Stephora Avenue, Inc.; Alexandria Investment, LLC, Claimants–Appellants,

v.

Real Property Located at 475 Martin Lane, Beverly Hills California, Real Property located at, a/k/a Seal A; 924 North Beverly Drive, Beverly Hills, California, Real Property located at, a/k/a/ Seal A; All Funds in Credit Suisse Private Banking Account No. 0251–844548–6 In The Name of Alexandria Investment, LLC; All Funds In Credit Suisse Private Banking Account No. 0251–922787–3 In The Name of Erica Mihae Kim; $956,525.06 In Funds Seized, from United Commercial Bank Account No. 63600084, in the name of First Stephora Avenue, Inc.; $157,329.05 In Funds Seized, from United Commercial Bank Account No. 63599914, in the name of Alexandria Investment, LLC; $174,315.16 In Funds Seized from Wilshire State Bank Account No. 3219380, in the name of Se Young Kim; 2004 Mercedes Benz CL500, one; 2002 Mercedes Benz S500, one; 1990 Ferrari 550 Maranello, one; 2003 Landrover Range Rover, one; 2002 Porsche Box-

ster, one; 2002 Toyota Tacoma Pickup Truck, one; 1999 Porsche Carerra, one Various Miscellaneous Furniture and Household Items, Defendants.

**United States of America, Plaintiff,**

and

Christopher Kim, a/k/a Kyung Joon Kim, KJ Kim and Chris Kim Bora Lee; Se Young Kim; Young Ai Kim; Erica M. Kim; First Stephora Avenue, Inc.; Alexandria Investment, LLC, Claimants–Appellees,

Optional Capital, Inc., a/k/a Optional Ventures, Claimant–Appellant,

v.

Real Property Located at 475 Martin Lane, Beverly Hills California, Real Property located at, a/k/a Seal A; 924 North Beverly Drive, Beverly Hills, California, Real Property located at, a/k/a/ Seal A; All Funds in Credit Suisse Private Banking Account No. 0251–844548–6 In The Name of Alexandria Investment, LLC; All Funds in Credit Suisse Private Banking Account No. 0251–922787–3 In The Name Of Erica Mihae Kim; $956,525.06 In Funds Seized, from United Commercial Bank Account No. 63600084, in the name of First Stephora Avenue, Inc.; $157,329.05 In Funds Seized, from United Commercial Bank Account No. 63599914, in the name of Alexandria Investment, LLC; $174,315.16 In Funds Seized from Wilshire State Bank Account No. 3219380, in the name of Se Young Kim; 2004 Mercedes Benz CL500, one; 2002 Mercedes Benz S500, one; 1990 Ferrari 550 Maranello, one; 2003 Landrover Range Rover, one; 2002 Porsche Boxster, one; 2002 Toyota Tacoma Pickup Truck, one; 1999 Porsche Carerra, one Various Miscellaneous Furniture and Household Items, Defendants.

Nos. 07–55390, 07–55424, 07–55714, 07–55872.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed Oct. 3, 2008.

John E. Lee, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Eric S. Honig, Esq., Law Offices of Eric S. Honig, Marina Del Rey, CA, for Claimants–Appellees.

William K. Mills, Esq., Parker Mills & Patel LLP, Ralph Rogari, Esq., Rehm & Rogari, Los Angeles, CA, for Claimants.

John W. Hurney, Esq., Parker Mills & Patel LLP, Los Angeles, CA, for DAS Corporation, f/k/a Daebu Machinery Co. Ltd., Claimant–Appellant.

Ralph Rogari, Esq., Rehm & Rogari, Los Angeles, CA, for Optional Capital, Inc., a/k/a Optional Ventures, Claimant–Appellant.

Before: TROTT, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM *

The government, DAS Corporation ("DAS"), and Optional Capital, Inc. ("Optional") appeal the district court's dismissal of the government's civil forfeiture complaint and grant of summary judgment in favor of Christopher Kim, Bora Lee, Erica Kim, Se Young Kim, Young Ai Kim, Alexandria Investment, LLC, and First Stephora Avenue, Inc. ("the Kim Claimants").[1] The Kim Claimants cross-appeal, arguing that the district court did not have jurisdiction over the Credit Suisse bank accounts. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

The Kim Claimants had standing to move for summary judgment. We review the standing of claimants in a civil forfeiture action *de novo*. *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1190 (9th Cir.2004). To establish standing, a "claimant need demonstrate only a color-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This memorandum disposition disposes of the following case numbers only: Nos. 07–55390, 07–55424, 07–55714, 07–55872, and 08–55669. We address the remaining related cases, which were formerly consolidated for the purposes of oral argument, in an accompanying published opinion.

able interest in the property, for example, by showing actual possession, control, title, or financial stake." *Id.* at 1191. To do so at the summary judgment stage, a claimant must set forth specific facts averring that he or she had a legitimate ownership interest in the disputed properties. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (explaining that at the summary judgment stage, a plaintiff must demonstrate standing by setting forth "by affidavit or other evidence 'specific facts' "). Here, Christopher Kim and Erica Kim set forth by affidavit specific facts demonstrating that they had legitimate ownership interests in the disputed properties.

## II

■ The district court properly granted summary judgment in favor of the Kim Claimants. To establish a wire fraud violation, the government must demonstrate three elements: (1) "a scheme to defraud"; (2) "use of the wires in furtherance of the scheme"; and (3) "the specific intent to defraud." *United States v. McNeil,* 320 F.3d 1034, 1040 (9th Cir. 2003). Although the Supreme Court has defined the "scheme to defraud" element broadly, *see Carpenter v. United States,* 484 U.S. 19, 27–28, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987), here the government failed to present admissible evidence sufficient to demonstrate a triable issue of fact as to whether Kim obtained DAS's money in a fraudulent manner or whether his dealings with Optional Capital were fraudulent.

Contrary to the assertions of DAS and Optional, the Kim Claimants met their burden of production in support of their motion for summary judgment. As the district court correctly explained, a movant for summary judgment can meet its burden by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to

carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1106 (9th Cir. 2000) (describing the rule under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Here, the Kim Claimants met their burden by submitting lengthy and detailed objections to the government's evidence, demonstrating to the district court that the government lacked admissible evidence to support its case.

DAS's argument that the district court's denial of summary judgment in the related case of *Optional Capital, Inc. v. Kim, et al.,* No. CV 04–3866, should have somehow influenced its ruling on summary judgment in the instant case also fails. The fact that there exists sufficient admissible evidence to demonstrate a triable issue of fact as to Kim's alleged fraud has no bearing on whether the government, DAS, and Optional actually submitted sufficient admissible evidence to survive summary judgment in the instant case.

## III

The district court did not err in its evidentiary rulings, as claimed by DAS. The district court did not err in excluding the witness statements collected by Korean prosecutors during their investigation into Christopher Kim's activities. We have previously held that certain transcribed witness statements may be considered by the district court when ruling on a motion for summary judgment when those statements "were given under oath." *See Curnow v. Ridgecrest Police,* 952 F.2d 321, 324 (9th Cir.1991). Here, however, the testimony in question was not sworn.

■ The district court also did not err by excluding Kyoo Sung Jung's deposition. The deposition was not "at least as reliable as an admissible affidavit," because Jung's testimony was based on statements provid-

ed to him by others and involved a report that he had no personal involvement in creating. *See In re Sunset Bay Assocs.,* 944 F.2d 1503, 1509–10 (9th Cir.1991) (holding that depositions may be admissible as affidavits if the deponent was sworn and the testimony was " 'made on personal knowledge and set forth facts that were admissible in evidence' ").

The district court did not err in excluding admissible statements contained in Sung Woo Kim's declaration. The parties have not challenged the district court's conclusion that the declaration contained hearsay statements and that some of the documents attached to the affidavit were unauthenticated and thus inadmissible. A court may not consider unauthenticated documents on a motion for summary judgment. *See Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987). Additionally, a court does not err by excluding entire affidavits where necessary supporting documents were not attached. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1261–62 (9th Cir.1993). Here, although some supporting documents were attached to Sung Woo Kim's declaration, they were unauthenticated, and the court could not consider them. Thus, the district court's exclusion of Sung Woo Kim's affidavit in its entirety was not an abuse of discretion.

■ Likewise, the district court did not err in excluding the declaration of Seoung Ho Kwon because it was entirely based on various unauthenticated documents attached to the affidavit. *See Canada,* 831 F.2d at 925; *see also ACandS,* 5 F.3d at 1261–62. DAS's general challenge to the district court's exclusion of "a large bulk of evidence based on numerous findings of lack of authenticity" also fails for the same reasons. *See Canada,* 831 F.2d at 925.

Next, the district court did not err by admitting the Findings of Fact and Conclusions of Law; Order Certifying Extra-

ditability in the *Matter of Extradition of Kyung Joon Kim* only for the limited purpose of showing that Kim was found to be extraditable. The district court correctly refused to consider the findings of fact contained in the order as evidence. *See Barapind v. Enomoto,* 360 F.3d 1061, 1069 (9th Cir.2004) (noting that in extradition proceedings the only requirement for evidence to be competent and admissible is that it be properly authenticated).

The district court also did not err when it stated that Jason Engel's expert report "was of no assistance." When a party relies on evidence to support a summary judgment motion without citing to its location, "the trial court may in its discretion exclude the evidence." *Orr v. Bank of America,* 285 F.3d 764, 774–75 (9th Cir. 2002). Here, although Engel's report was just ten pages long, it contained only very general and conclusory statements about the fraud and tracing of the funds. DAS failed to identify which statements of Engel's it wished the district court to examine, nor did it cite to any of the more than 300 pages of attached exhibits that supported those statements.

Likewise, the district court did not err in excluding Margaret Keene's expert report because neither the government nor DAS directed the court to any specific conclusions contained in the report. *See id.* Moreover, Keene's report was based, in part, on the witness statements and investigative reports prepared by South Korea that the court had previously found untrustworthy and inadmissible. Where an expert opinion is not sufficiently based in facts, it need not be admitted. *See Guidroz–Brault v. Missouri Pac. R.R.,* 254 F.3d 825, 831–32 (9th Cir.2001); *see also De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 879 (9th Cir.2000) (affirming district court's decision to admit expert testimony of accountant that relied on loan

agreements and promissory notes the court had expressly found had " 'some indicia of reliability' ").

■ The district court did not err in excluding Exhibits 337 and 338 because an insufficient foundation was laid as to Agent Saxey's personal knowledge of the creation of the summaries. When a declarant necessarily has first-hand knowledge of the facts contained in an affidavit by virtue of his or her position of employment, personal knowledge may be inferred. *See, e.g., In re Kaypro,* 218 F.3d 1070, 1075 (9th Cir.2000); *see also Self–Realization Fellowship Church v. Ananda Church of Self–Realization,* 206 F.3d 1322, 1330 (9th Cir. 2000) (corporate officer's knowledge of identity of employees and their tasks can be presumed); *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (CEO's personal knowledge of corporate activities may be presumed). Here, however, Agent Saxey did not state that he created or even reviewed the summary exhibits, and there is nothing about his job description that requires a court to presume that he did. As a case agent, his position may require familiarity with the evidence in a case, but it does not necessarily require that he be able to state with personal knowledge that exhibits consisting of more than fifty pages of spreadsheets and data are accurate.

■ The district court also did not err in excluding Exhibit 412 and Exhibit D, a Korean language document containing Kim's admissions to the Korean Financial Supervisory Service, and its English translation. Federal Rule of Evidence 901(b)(2) permits a non-expert to authenticate handwriting "based upon familiarity not acquired for purposes of the litigation." Here, pursuant to Rule 901(b)(2), the deponents could only authenticate Kim's signature, not the rest of the document, with which they were unfamiliar and which was not written in Kim's own handwriting. The district court thus did not err in excluding this document based on lack of authentication.

## IV

Finally, the district court obtained proper jurisdiction over the Credit Suisse bank accounts. *United States v. Approximately $1.67 Million,* 513 F.3d 991 (9th Cir.2008), filed one day after the Kim Claimants mailed their opening brief on cross appeal, now effectively precludes their argument. For a court to obtain jurisdiction, actual or constructive control over defendant property located in a foreign country is not required. *Id.* at 998.

Furthermore, an arrest warrant does not need to be served on the property for a court to obtain jurisdiction. *See* Fed. R. Civ. P. Supp. R. G(3)(c)(iv) (requiring only the transmittal of the warrant "to an appropriate authority for serving process" when the property is located outside of the United States); Fed. R. Civ. P. Supp. R. G advisory committee's note ("It is not possible to identify in [Rule G(3)(c)(iv) ] the appropriate authority for serving process in all other countries. Transmission of the warrant to an appropriate authority, moreover, does not ensure that the warrant will be executed. *The rule requires only that the warrant be transmitted to an appropriate authority.*") (emphasis added). Thus, the district court properly obtained jurisdiction over the Credit Suisse bank accounts.

**AFFIRMED.**