**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-56645 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-02788-ABC-PLA |
| CHRISTOPHER KIM, AKA Kyung Joon Kim, AKA KJ Kim, AKA Chris Kim; et al., | |
| Claimants - Appellees, | MEMORANDUM* |
| v. | |
| DAS CORPORATION, FKA Daebu Machinery Co., Ltd., | |
| Claimant - Appellant, | |
| _____ | |
| UNITED COMMERCIAL BANK, | |
| Intervenor - Plaintiff. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-56792 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-02788-ABC-PLA |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

OPTIONAL CAPITAL, INC., AKA
Optional Ventures,

        Claimant - Appellant,

  and

CHRISTOPHER KIM; et al.,

        Claimants,

  v.

REAL PROPERTY LOCATED AT 475
MARTIN LANE, BEVERLY HILLS,
CALIFORNIA, Real Property located at,
a/k/a Seal A,

        Defendant.

Appeals from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted November 3, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,[**] and GRABER, Circuit Judges.

DAS Corporation ("DAS") and Optional Capital, Inc. ("Optional") appeal

three decisions of the district court:  (1) to grant the motion to dismiss submitted by

_____

[**] The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for
the Seventh Circuit, sitting by designation.

Christopher Kim, Bora Lee, Erica Kim, Se Young Kim, Young Ai Kim, Alexandria Investment, LLC and First Stephora Avenue, Inc. (collectively, "Kim Claimants"); (2) to grant summary judgment in favor of the Kim Claimants; and (3) to deny Optional's motion for summary judgment. The underlying facts are set forth in our previous opinion in United States v. Real Property Located at 475 Martin Lane, 545 F.3d 1134, 1139-40 (9th Cir. 2008) ("Real Property I"). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand this case for further adjudication of the competing ownership claims.

# I

The parties are familiar with the factual history. However, because the complicated procedural history of this litigation appears to have caused confusion in the past, we set out at least the basic stages of that history in order to avoid further misapprehension in subsequent proceedings.

This case comes before us for the second time. The first round of proceedings began when the Government seized the Kim Claimants' assets and filed three civil forfeiture complaints. The Kim Claimants filed answers to the Government's complaints, as did DAS and Optional, which claimed competing ownership interests in the seized assets. The district court consolidated all three

3

complaints into one case. The district court dismissed one of the complaints, which concerned the "May 2004 Properties," as untimely filed ("September 2005 Order"). Regarding the remaining two complaints, which concerned the "Summary Judgment Properties," the district court granted summary judgment in favor of the Kim Claimants ("March 2007 Order"). The Government, DAS and Optional timely appealed both decisions.

With respect to the September 2005 Order, we reversed the decision of the district court in a published opinion. Real Property I, 545 F.3d at 1139. We determined that the Government's complaint against the May 2004 Properties was timely. Additionally, we concluded that, even if the Government's complaint had been dismissed properly, the district court nevertheless retained in rem jurisdiction and had the duty to adjudicate the underlying ownership claims. Our published opinion remanded the case to the district court.

With respect to the March 2007 Order, we affirmed the district court's grant of summary judgment in favor of the Kim Claimants in a memorandum disposition. United States v. Real Property Located at 475 Martin Lane, 298 F. App'x 545 (9th Cir. 2008) ("Real Property II") (unpublished). In that decision, we also upheld various evidentiary rulings by the district court.

On remand, the Kim Claimants submitted two motions to the district court.

4

First, the Kim Claimants filed a motion to dismiss all claims by the Government, DAS or Optional against the Summary Judgment Properties. They maintained that the law of the case in the memorandum disposition barred further litigation against the Summary Judgment Properties. Second, the Kim Claimants also filed a motion for summary judgment regarding the May 2004 Properties. They contended that the claims against the May 2004 Properties were precluded by the memorandum disposition. Optional also filed a motion for summary judgment. The district court granted both of the Kim Claimants' motions and denied Optional's motion. DAS and Optional now appeal the decisions of the district court.

## II

We conclude that the district court erred in granting the Kim Claimants' motion to dismiss and motion for summary judgment; we conclude that the district court correctly denied Optional's motion for summary judgment.

As a preliminary matter, DAS and Optional do have prudential standing to seek a constructive trust remedy. The Kim Claimants have waived any objection to this issue because they have failed to appeal the district court's determination that DAS and Optional have prudential standing. Even on the merits, DAS and Optional have prudential standing because their alleged injury is not a "mere

5

generalized grievance," and they assert their own rights, not the rights of a third party. See Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848-49 (9th Cir. 2007). DAS's and Optional's claims clearly fall within "the zone of interests to be protected or regulated" because Congress explicitly has provided for suits by competing owners in a civil forfeiture action. 18 U.S.C. § 983(a)(4); Clarke v. Sec. Indus. Ass'n, 479 U.S. 388, 399 (1987); Feldman, 504 F.3d at 848-49 (internal quotation marks omitted).

The district court erred in granting the Kim Claimants' motion to dismiss. When our earlier memorandum disposition is read in light of this case's earlier history, it is clear that our memorandum disposition did not adjudicate DAS's and Optional's claims against the Summary Judgment Properties. Consequently, the law of the case doctrine does not bar DAS's and Optional's claims against the Summary Judgment Properties.

Our memorandum disposition affirmed, in its entirety, the district court's March 2007 Order. The March 2007 Order, in turn, granted summary judgment in favor of the Kim Claimants. Notably, however, the Kim Claimants' motion for summary judgment had focused on the Government's case alone. Indeed, in its reply motion, the Kim Claimants specifically stated:

> The Kim claimants' motion was directed at **the government's complaint,** and not at the claims of DAS or the other claimant

6

Optional Capital, Inc. DAS does not have the burden of proving that the seized property is subject to forfeiture, only the government does. Thus, DAS' opposition should not be considered by the Court . . . . Nevertheless, even if DAS' arguments and evidence are considered, they still are insufficient to help prove the government's case for forfeiture.

ER 264 n.1 (emphasis in original) (citation omitted). The Kim Claimants, thus, were clear that the focus of the summary judgment motion was against the Government's case and not the assertions of the other claimants. The language in the Kim Claimants' motion for summary judgment is consistent with such a reading.[1]

DAS and Optional did file oppositions to the Kim Claimants' summary judgment motion, and DAS and Optional appealed the March 2007 Order. Yet, DAS's and Optional's oppositions to summary judgment focused on bolstering the Government's case and did not discuss their competing ownership claims. Specifically, under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the issues upon which the Government had the burden of proof were distinctively different from those upon which DAS and Optional had the burden. Under

---

[1] The Kim Claimant's motion for summary judgment opens: "The *government* cannot prove either the existence of a fraud scheme . . . or that the defendant assets are traceable to any such fraud scheme." ER 329 (emphasis added). The motion closed by requesting "that the Court grant summary judgment in their favor and against the plaintiff government." ER 360. Furthermore, the subheadings in the motion mention only the Government, not DAS or Optional.

CAFRA, the Government has the burden to show why the property is subject to forfeiture. 18 U.S.C. § 983(c). DAS and Optional, by contrast, each had the burden of proving an innocent owner defense. An innocent owner defense requires proof, by a preponderance of the evidence, that a party "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). DAS's and Optional's oppositions to the summary judgment motion did not address these innocent owner requirements. The March 2007 Order also did not address substantively these innocent owner claims. Instead, the March 2007 Order focused on the Government's burden of showing why the property was subject to forfeiture.

The district court's rulings after the March 2007 Order also suggest that only the Government's case, not DAS's and Optional's claims, was adjudicated. Furthermore, this court, in the published opinion reversing the September 2005 Order, held that, even when the Government's civil forfeiture case is dismissed, the district court retains jurisdiction to decide ownership claims.

The language in our memorandum disposition also focused on the Government and its case. We referred to "the government's civil forfeiture

8

complaint" in the first sentence, observing that "[t]o establish a wire fraud violation, the government must demonstrate three elements." Real Property II, 258 F. App'x at 548-49. We held that "here the government failed to present admissible evidence sufficient to demonstrate a triable issue of fact." Id. at 549. Our reference to arguments made by DAS and Optional was not in regard to whether DAS and Optional have legitimate claims against the Kim Claimants' properties. Although the memorandum disposition does note, in footnote one, that it addresses DAS's and Optional's appeal of the March 2007 Order, DAS and Optional appealed a decision that addressed only the Government's case, not their own ownership claims. Our memorandum disposition did not contain a remand; however, the district court was free to consider any matter not decided by the mandate. See Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005); United States v. Cote, 51 F.3d 178, 181-82 (9th Cir. 1995).

In sum, the procedural history surrounding the district court's March 2007 Order and the language of our memorandum disposition establish that those proceedings addressed only the insufficiency of the Government's evidence against the Summary Judgment Properties. DAS's and Optional's competing ownership claims were not adjudicated by these decisions; accordingly, in the subsequent proceedings in the district court, the court improperly dismissed DAS's and

9

Optional's claims against the Summary Judgment Properties based on the law of the case doctrine. We therefore remand the matter to the district court to permit an adjudication of the competing ownership claims on the Summary Judgment Properties.[2]

The parties' additional contentions need not detain us long.

The district court also erred in granting the Kim Claimants' motion for summary judgment regarding the May 2004 Properties. The district court correctly noted that DAS and Optional raise the same claims and defenses against the May 2004 Properties as they do against the Summary Judgment Properties. These claims were not addressed in our prior decisions. Accordingly, we reverse the district court's grant of summary judgment and remand this case for the district court to adjudicate DAS's and Optional's claims against the May 2004 Properties.

The district court correctly denied Optional's motion for summary judgment. Whether the issue of Kim's fiduciary duty was waived or not, genuine issues of material fact exist.

Optional also submits a motion for reassignment to a different district judge.

---

[2] In undertaking the task of adjudicating these claims, the district court is bound by our affirmance of its earlier evidentiary rulings. DAS and Optional were both parties to the memorandum disposition proceeding and had a full and fair opportunity to litigate the evidentiary issues. In fact, DAS and Optional filed oppositions, arguing that the evidence was admissible.

10

We deny this motion. Optional has not provided sufficient proof of personal bias or unusual circumstance to warrant reassignment. See Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372-73 (9th Cir. 2005); Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal., 190 F.3d 1051, 1061 (9th Cir. 1999).

We REVERSE the district court's grant of the Kim Claimants' motion to dismiss and motion for summary judgment, and we REMAND the case for the district court to adjudicate DAS's and Optional's claims against the Summary Judgment and May 2004 Properties. We AFFIRM the district court's denial of Optional's summary judgment motion. We DENY Optional's motion for reassignment.

The Claimants-Appellants may recover the costs of this appeal.

*United States v. DAS Corporation*, No. 09-56645

PREGERSON, Circuit Judge, specially concurring:

This is my take on a case that has a complicated history. The U.S. Government seized the Kim Claimants' assets, and DAS and Optional filed separate answers to the Government's civil forfeiture complaints. Our previous memorandum disposition dismissed the Government's claims against the Kim Claimants' assets, but did not resolve DAS and Optional's competing claims to the "Summary Judgment Properties." See United States v. Real Property Located at 475 Martin Lane, 298 F. App'x 545 (9th Cir. 2008). As we stated in United States v. Real Property Located at 475 Martin Lane, 545 F.3d 1134, 1145 (9th Cir. 2008), the district court retains jurisdiction over the *res* and has the duty to resolve the parties' competing claims to the *res*, even when the district court dismisses the Government's Complaint. Therefore, we remand to the district court to resolve DAS and Optional's competing claims to the "Summary Judgment Properties" because the district court has not yet resolved this issue.