MEMORANDUM **
California state prisoner Thomas A. Darby appeals pro se from the district court’s order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Darby contends that the admission of the child victim’s out-of-court audiotaped and videotaped statements at trial without the opportunity for cross-examination deprived him of his right to confrontation under the Sixth and Fourteenth Amendments. Because the Supreme Court has held that Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 *568 (2004), has no retroactive application to cases on collateral review, we apply the law as it stood prior to Crawford. See Whorton v. Bockting, 549 U.S. 406, 421, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007); Bockting v. Bayer, 505 F.3d 973, 978 (9th Cir.2007). We conclude, that the state court’s decision rejecting Darby’s Confrontation Clause claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that it was not based upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); see also Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); Idaho v. Wright, 497 U.S. 805, 815, 821-22, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).
To the extent that Darby alleges a Confrontation Clause violation arising from the admission of the victim’s out-of-court statements through the in-court testimony of her grandmother, this contention lacks merit. See 28 U.S.C. § 2254(b)(2); see also Cassett v. Stewart, 406 F.3d 614, 623 (9th Cir.2005); Wright, 497 U.S. at 816-17, 110 S.Ct. 3139.
We construe the uncertified issues briefed by Darby as a motion to expand the certificate of appealability, and we deny the motion. See 9th Cir. R. 22-1(e); see also Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).
The Clerk is directed to provide Darby with a copy of the Ninth Circuit docket report from this case.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.