FILED

JUL 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY JOSEPH THOMAS,

        Petitioner - Appellant,

  v.

A. K. SCRIBNER; JO GRAVES; V.
YAMAMOTO; ARNOLD
SCHWARZENEGGER,

        Respondents - Appellees,

No. 08-15594

D.C. No. 04-CV-00733-MCE

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted June 15, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and GONZALEZ, Chief
District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Irma E. Gonzalez, Chief United States District Judge
for the Southern District of California, sitting by designation.

Larry Joseph Thomas, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of battery on a non-prisoner by a prison inmate and aggravated assault by a non-life prisoner. We affirm.[1]

The prosecutor did not commit misconduct by failing to inform the trial court that Thomas's prior conviction for second degree burglary was not a crime that could be counted as a strike because it had been allegedly reduced to a lesser offense.[2] Prosecutorial misconduct rises to the level of a constitutional violation only where it "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). In the present case, however, there is simply no basis in the record to suggest that the prosecutor misstated the evidence. Rather, the prosecutor merely argued, consistent with the documentary evidence, that Thomas was convicted in 1983 of a residential burglary in the second degree, which is a "serious felony." *See* CAL. PENAL CODE §

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

[2] Although this claim is unexhausted. we deny it on the merits pursuant to 28 U.S.C. § 2254(b)(2) because it does not raise "even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

1192.7(c)(18) (1997). Moreover, Thomas cannot demonstrate any "actual prejudice" from the prosecutor's failure to bring this issue to the court's attention. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Neither was Thomas entitled to an evidentiary hearing regarding the nature of his prior conviction because he "failed to develop the factual basis of [his] claim in State court proceedings," *see* 28 U.S.C. § 2254(e)(2), and because he cannot otherwise meet AEDPA's other "stringent requirements." *See Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Finally, by omitting from his amended petition the claim that the state court's failure to conduct a competency hearing during the trial rendered his trial fundamentally unfair, Thomas waived that claim. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). To the extent Thomas's competency hearing claim was not waived, any remand would be futile. The California Court of Appeal for the Third Appellate District dealt extensively with this issue when it found that the trial court did not abuse its discretion in concluding that insufficient evidence had been presented to trigger a competency hearing, and that determination was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.