**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY D. FISHER, | No. 07-36096 |
| Petitioner - Appellant, | D.C. No. CV-05-00829-PA |
| v. | MEMORANDUM[*] |
| OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION and BRIAN BELLEQUE | |
| Respondent - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 6, 2010
Portland, Oregon

Before: PAEZ and CLIFTON, Circuit Judges, and BURNS [**], District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

Randy Fisher maintains the Oregon Board of Parole and Post-Prison Supervision ("the Board") violated his due process rights when it refused to grant him early parole eligibility. The district court denied habeas relief, and we affirm.

In 2001, Fisher requested a hearing with the Board to determine his eligibility for parole. *See* Or. Rev. Stat. § 163.105(2). The mandatory language of § 163.105 provides Fisher with a constitutionally protected liberty interest in early parole eligibility, of which he cannot be deprived without due process. *Miller v. Oregon Bd. of Parole*, No. 07-36086 (9th Cir. April 25, 2011) (filed concurrently with this disposition). The Board conducted a hearing, but denied Fisher's application for early parole eligibility.

In *Swarthout v. Cooke*, 131 S.Ct. 859 (2011), the Supreme Court held that the due process entitlements in the context of parole are "minimal": advance access to records; notice and opportunity to be heard; and a statement of the reasons why parole is denied are all that are required. 562 U.S. at 4–5. Fisher concedes he was afforded these minimum required procedural due process protections, so there is no basis for overturning the Board's denial.

Because Fisher is not entitled to habeas relief, we decline to address whether his claims were procedurally defaulted. 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

2

**AFFIRMED**.