**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HASHIBO DEWITT LACY,

               Petitioner - Appellant,

    v.

MARK NOOTH,

            Respondent - Appellee.

No. 10-36031

D.C. No. 6:08-cv-01300-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted June 9, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

    Petitioner Hashibo Lacy appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lacy claims that the Oregon courts unreasonably applied *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979), contending that his conviction was not supported by sufficient evidence. But Lacy has not shown that "the state court's ruling on [his] claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). There is at least "a reasonable argument," *id.* at 788, that Lacy's conviction satisfies the *Jackson* standard. The Oregon courts reasonably could have determined that there was sufficient evidence that Lacy "use[d] or threaten[ed] the immediate use of physical force" against Killam with the requisite intent. Or. Rev. Stat. § 164.395.

Because Lacy's habeas petition does not raise a colorable federal claim, we need not reach the question of whether Lacy exhausted his state remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (holding that a federal court may deny an unexhausted habeas petition on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim").

**AFFIRMED.**