**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY COTTON, individually and in her capacity as Successor-in-Interest for decedent Russell Dene Cotton; et al., | No. 10-55975 |
| Plaintiffs - Appellants, | D.C. No. 2:03-cv-07652-PSG-RZ |
| and | |
| PATRICK COTTON, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| ANTHONY MARTINEZ; et al., | |
| Defendants - Appellees, | |
| and | |
| COUNTY OF SANTA BARBARA, a public entity; et al., | |
| Defendants. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 10, 2012[**]
San Francisco, California

Before: SCHROEDER, WARDLAW, and TALLMAN, Circuit Judges.

Following a jury verdict rejecting all but one of the civil rights claims brought by Russell Cotton's wife and daughters ("the Cottons") and the court's declaration of a mistrial on the last claim, the Cottons appeal several of the district court's rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

**I.**

The district court did not err by limiting the Cottons' claims against individual Psychiatric Health Facility ("PHF") defendants to solely Dr. Lunianski. When this appeal was last before us, summary judgment had been granted to all the PHF employees named in the Cottons' complaint, and discovery had been cut-off with the exception of a small number of specifically-enumerated depositions that the Cottons delayed taking. The Cottons' previous appeal challenged only the district court's grant of summary judgment as to Dr. Lunianski and the PHF on

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

their deliberate indifference claims. Therefore we had no other individuals before us and did not require the district court to add additional PHF defendants. The district court was "free [to make its own decision] as to anything not foreclosed by the mandate," *Cassett v. Steward*, 406 F.3d 614, 621 (9th Cir. 2005), and its decision to limit the Cottons to claims against Dr. Lunianski was neither contrary to our mandate nor erroneous, given the Cottons' failure to appeal the summary judgments granted to the other PHF defendants and the lack of evidence establishing viable claims against them.

## II.

The district court did not abuse its discretion in deciding that it could not evaluate the relevance of the internal jail policies that the Cottons sought to admit. The Cottons failed to provide the district court with information necessary to determine whether particular jail policies were relevant under *Scott v. Henrich*, 39 F.3d 912, 915–16 (9th Cir. 1994), which held that internal policies or procedures are relevant to an excessive force determination only "when one of their purposes is to protect the individual against whom force is used."

## III.

The district court's exclusion of evidence of alleged violations of California Welfare & Institutions Code §§ 5150 and 5150.1 under Federal Rule of Evidence

403 was within the court's wide discretion. *See United States v. Abel*, 469 U.S. 45, 54 (1984). The district court did not abuse its discretion in determining that evidence of violations of §§ 5150 and 5150.1 could confuse the jury about whether the Cottons had made the separate showing required for deliberate indifference. *See Kanekoa v. City & Cnty. of Honolulu*, 879 F.2d 607, 613–14 (9th Cir. 1989) ("Trial judges are better able to sense the dynamics of a trial than we can ever be, and broad discretion must be accorded them in balancing probative value against prejudice.") (quoting *Longenecker v. General Motors Corp.*, 594 F.2d 1283, 1286 (9th Cir. 1979)).

## IV.

The district court did not abuse its discretion in imposing a 10-hour per side trial limit for direct and cross-examinations and 30-minute limit on opening statements, especially as the court repeatedly allocated the Cottons extra time for cross-examination despite expiration of the trial limit. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Appellants fail to demonstrate that the district court's "admonishments" were improper or prejudicial. *See United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011).

**AFFIRMED.**