**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELL CORTEZ, | No. 10-56046 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-03396-JFW |
| v. | |
| AREF FAKHOURY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner Michell Cortez appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition challenging his conviction

for two counts of forgery by possessing a blank or unfinished check with the intent

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to defraud, in violation of section 475(b) of the California Penal Code. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Cortez contends that his two convictions, based on his possession of two different individuals' checks, violate the Double Jeopardy Clause because they resulted from a single act of possessing blank checks. The state maintains that this claim is unexhausted. We need not address this issue because Cortez does not raise a colorable federal claim. *See* 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). We are bound by the California Court of Appeal's determination in this case that section 475(b) permits treating the possession of checks of two victims as separate offenses. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Hicks v. Feiock*, 485 U.S. 624, 629-30 & n.3 (1988) (federal habeas court is not at liberty to disregard a California Court of Appeal's rulings on state law when the California Supreme Court has denied review).

10-56046

To the extent Cortez contends that his multiple convictions violate state law, such a challenge is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]").

**AFFIRMED.**