**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN PAUL SCHROEDER,

  Petitioner-Appellant,

v.

JEFF PREMO, Superintendent,

  Respondent-Appellee.

No.  15-35713

D.C. No. 6:10-cv-06198-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted October 3, 2017
Portland, Oregon

Before:  LEAVY, PAEZ, and BEA, Circuit Judges.

John Schroeder appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for two counts of first-degree rape, two counts of first-degree sodomy, one count of first-degree robbery, and one count of first-degree burglary.  We have jurisdiction under 28

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 2253, and we affirm. Because the petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, habeas relief may be granted only if the state court's adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1. Schroeder argues that the trial court erred on the issue of expert testimony on eyewitness identification in two ways: first, by denying authorization of funds for an expert witness on eyewitness identification, and second, by excluding the proffered testimony of the defense's expert witness on eyewitness identification.

The erroneous exclusion of defense evidence may violate the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense. *See Chambers v. Mississippi*, 410 U.S. 284, 294-95, 302-03 (1973). A defendant's "right to present relevant evidence is not unlimited," however, and may "bow to accommodate other legitimate interests in the criminal trial process" and "is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). The exclusion of evidence in a criminal trial

unconstitutionally abridges a defendant's right to present a defense only where the exclusion is arbitrary or disproportionate and where its exclusion has "infringed upon a weighty interest of the accused." *Id.*

The trial court excluded the evidence under Oregon precedent barring expert testimony on eyewitness identification, and the Oregon Court of Appeals upheld the exclusion on the same grounds. Schroeder has not shown that this exclusion of the testimony was contrary to, or an unreasonable application of, clearly established federal law relating to broad principles of admissibility of evidence in criminal proceedings. Schroeder has also failed to demonstrate the existence of any contradictory clearly established law governing the more specific proposition of admissibility of expert testimony on eyewitness identification. Indeed, we have consistently affirmed the exclusion of this type of expert testimony under less-demanding, less-deferential tests than the one AEDPA imposes on reviewing federal courts. *See United States v. Langford*, 802 F.2d 1176, 1179–80 (9th Cir. 1986).

We likewise reject Schroeder's funding argument. The Constitution requires that courts take steps to ensure that indigent defendants "have a fair opportunity to present [their] defense," and the Supreme Court has held that indigent defendants are entitled to certain types of assistance, including psychiatric experts under some

3

circumstances. *Ake v. Oklahoma*, 470 U.S. 68, 76, 83 (1985). The Supreme Court has never held, however, that indigent defendants are entitled to funds for other types of expert witnesses. Indeed, we considered precisely this question in *Jackson v. Ylst*, 921 F.2d 882, 886 (9th Cir. 1990), and concluded that there was no authority for the proposition that the Constitution requires the appointment of an expert on eyewitness identification. The trial court's denial of funds was neither contrary to, nor an unreasonable application of, clearly established federal law.

**2.**     Schroeder contends that trial counsel rendered ineffective assistance in four ways: (1) failing to adequately impeach the prosecution's witnesses; (2) failing to object to bitemark evidence from the cheese L.T. and M.H.'s assailant bit during the invasion of L.T.'s home; (3) allegedly admitting that Schroeder was in possession of the assailant's clothing; and (4) calling J.S.M. and K.M. as witnesses, unintentionally leading to the introduction of adverse testimony.

To prove ineffective assistance of counsel, Schroeder must demonstrate first that "counsel's representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000) (quoting *Strickland v.*

*Washington*, 466 U.S. 668, 694 (1984)). When ineffective assistance of counsel is alleged in a habeas case where AEDPA applies, our review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Schroeder cannot prevail on his ineffective assistance of counsel claim unless he demonstrates that it was "necessarily unreasonable" for the Oregon post-conviction review court to conclude that: (1) Schroeder had not overcome the strong presumption of competence; and (2) Schroeder had failed to undermine confidence in his conviction. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Schroeder has not met his burden of demonstrating that it was "necessarily unreasonable" for the state court to conclude that Schroeder failed to prove counsel acted deficiently or that he was prejudiced by counsel's actions. Schroeder's first three claims of ineffective assistance—failing to impeach the prosecution's witnesses with prior inconsistent statements, failing to object to bitemark evidence, and allegedly confirming to the jury that Schroeder was in possession of the assailant's clothing—clearly fail to meet *Strickland*'s demanding standard as to both the ineffective assistance and the prejudice prong. And although calling J.S.M. and K.M. as witnesses ultimately backfired at trial, we conclude that counsel's decisions were strategic, not deficient. *See Pinholster*, 563 U.S. at 191 (A reviewing court must "begin with the premise that under the circumstances, the

5

challenged action[s] might be considered sound trial strategy") (citing *Strickland*, 466 U.S. at 690)).

**3.** Because Schroeder has failed to establish any constitutional error, he cannot establish that cumulative error infected his trial with unfairness such that habeas relief is warranted. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding that where court concludes that "no violation of federal rights" existed, "there is no reason to reverse for cumulative error").[1]

**AFFIRMED.**

---

[1] The state argues that Schroeder has failed to exhaust his claim of cumulative error. Rather than resolve the issue of exhaustion, however, we opt to reach the merits of Schroeder's claim and reject it, as it is "perfectly clear" that Schroeder "does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).