NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLIN L. ROYAL,

               Petitioner-Appellant,

v.

RAYMOND MADDEN, Warden,

               Respondent-Appellee.

No.   23-55260

D.C. No.
3:21-cv-00834-WQH-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 28, 2025
Pasadena, California

Before:  BOGGS,[**] FRIEDLAND, and BRESS, Circuit Judges.

Petitioner-Appellant Marlin L. Royal appeals the denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a conviction for

first-degree murder and related charges in California state court. The district court

issued a certificate of appealability as to Royal's claim that "the Superior Court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

erred in admitting witness testimony under the past recollection recorded hearsay exception because the prosecution failed to establish a vital element of that hearsay exception, violating [Royal's] federal constitutional right to confrontation and cross-examination."

On appeal, Royal now argues that the erroneous admission of those hearsay statements made by a key prosecution witness rendered his trial so fundamentally unfair that it violated due process.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's decision on a petition for a writ of habeas corpus, *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017), and we affirm.

1. As a preliminary matter, Royal's due-process argument may not have been exhausted in state court, where he raised only a Confrontation Clause claim.[1] But we need not resolve this issue because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may

---

[1] The exhaustion issue was not briefed by either party on appeal; indeed, the government argued for the first time at oral argument that Royal failed to exhaust his due-process argument. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

2

deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). As explained below, it is clear that Royal does not have a colorable due-process claim.

2. Royal argues that the erroneous admission of a handful of statements made by a prosecution witness named L.N. "rendered [his] trial so arbitrary and fundamentally unfair that it violated federal due process."

On direct appeal, the California Court of Appeal determined that some of L.N.'s testimony, relating to statements Royal had made in 2007, was improperly admitted under California's past-recollection-recorded hearsay exception because the statements were not sufficiently "fresh" in L.N.'s mind when she repeated them to detectives in 2013. *People v. Royal*, 43 Cal. App. 5th 121, 145–46 (2019). Royal's due-process argument is premised on the erroneous admission of those statements.

As explained by the California Court of Appeal, the trial court erroneously admitted testimony from L.N. under the past-recollection-recorded exception that:

> (1) Royal was upset that someone shot up his car; (2) someone had shot up Royal's Range Rover; (3) Royal told L.N. he needed to go back to the crime scene to get the shotgun; (4) Royal started shaking and said "That's it. That's him" when he saw the news broadcast discussing [the victim's] death; and (5) [the victim] begged Royal not to shoot him. Also, on redirect, the prosecutor used the past recollection recorded exception to establish: (a) L.N. tried to move up her meeting with law enforcement; and (b) she delivered gas to Royal on the night of [the victim's] death.

*Id.* at 143. But the California Court of Appeal concluded that the admission of the above-described testimony did not violate Royal's Sixth Amendment rights and, in any event, was harmless, considering other properly admitted evidence presented at trial. *Id.* at 146–47.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "forecloses federal habeas relief for 'any claim that was adjudicated on the merits in State court' unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019) (quoting 28 U.S.C. § 2254(d)). Royal contends that the California Court of Appeal's harmless-error holding is not owed deference because it was "contrary to precedent" insofar as the court improperly applied the harmless-error standard under *People v. Watson*, 46 Cal. 2d 818, 836 (1956), rather than the standard under *Chapman v. California*, 386 U.S. 18, 24 (1967). *See Hall v. Haws*, 861 F.3d 977, 989 n.7 (9th Cir. 2017) (explaining that "[t]he *Watson* standard is used to review non-constitutional, trial type errors," while "the more stringent standard, under *Chapman v. California*, is used to review errors of constitutional magnitude").

But even without applying AEDPA deference to the California Court of Appeal's harmlessness determination, we conclude that the erroneous admission of the hearsay statements under the past-recollection-recorded exception was harmless when evaluated de novo. *See Stevens v. Davis*, 25 F.4th 1141, 1165 (9th Cir. 2022).

In cases involving trial-type errors like this one, a petitioner must satisfy the standard in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which asks whether the error had a "substantial and injurious effect or influence in determining the jury's verdict," *id.* at 638 (quotation marks omitted), "regardless of the type of harmless error review conducted by the state court[,]" *Laboa v. Calderon*, 224 F.3d 972, 977 (9th Cir. 2000). And Royal cannot show that the erroneously admitted statements had a "substantial and injurious effect" on the verdict under *Brecht*, 507 U.S. at 638 (quotation marks omitted), because other similar or duplicative evidence was properly admitted, including that L.N. "had seen Royal arm himself with a shotgun, that Royal had called and asked to be picked up at the supermarket on the night of the shooting, and that after he was picked up, Royal stated he had shot someone." *Royal*, 43 Cal. App. 5th at 147. The jury also heard evidence that indicated Royal's cell phone had been moving towards the crime scene at the same time as the victim's phone and was near the crime scene around the estimated time of the murder, *id.* at 125, and the jury further heard that Royal was later found to be in possession of shotgun shells consistent with those used in the murder, *id.* at 125, 127.

At bottom, Royal is unable to establish "actual prejudice" from the erroneous admission of L.N.'s statements, which disposes of his claim. *Brecht*, 507 U.S. at 637.

**AFFIRMED.**